1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD DUNN, | ) 1:11-cv-01190 MJS HC |
| Petitioner, | ) |
| | ) ORDER DISMISSING PETITION DUE TO |
| v. | ) PETITIONER'S FAILURE TO FOLLOW A |
| | ) COURT ORDER |
| | ) |
| SHERIFF, et al., | ) [Doc. 7] |
| | ) |
| Respondent. | ) |

_____ Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On July 19, 2011, Petitioner filed a petition for writ of habeas corpus. On September 6, 2011, the Court issued an order regarding consent to Magistrate Judge jurisdiction. (Order, ECF No. 6.) On September 13, 2011, the order served on Petitioner was returned by the U.S. Postal Service as undeliverable. On September 14, 2011, the Court issued an order to show cause why the petition should not be dismissed for Petitioner's failure to prosecute. (Order to Show Cause, ECF No. 7.) The order required Petitioner to report his current address to the Court within sixty-three (63) of the service of the order. (Id.) On September 26, 2011, the order served on Petitioner was returned by the U.S. Postal Service as undeliverable.

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times. Local Rule 183(b) provides, in pertinent part:

1

2

3

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

4   In the instant case, over sixty-three (63) days have passed since Petitioner's mail was

5   returned and he has not notified the court of a current address.

6   In determining whether to dismiss an action for lack of prosecution, the court must

7   consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the

8   court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public

9   policy favoring disposition of cases on their merits; and (5) the availability of less drastic

10   alternatives.  Henderson v. Duncan, 779 F.2d 1421, 1423-24 (9th Cir. 1986); Carey v. King,

11   856 F.2d 1439, 1440-41 (9th Cir. 1988).   The Court finds that the public's interest in

12   expeditiously resolving this litigation and the Court's interest in managing the docket weigh in

13   favor of dismissal as this case has been pending since July 19, 2011. The Court cannot hold

14   this case in abeyance indefinitely based on Petitioner's failure to notify the Court of his

15   address.  The third factor, risk of prejudice to respondents, also weighs in favor of dismissal,

16   since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting

17   an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, public

18   policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor

19   of dismissal discussed herein.   Finally, given the Court's inability to communicate with

20   Petitioner based on Petitioner's failure to keep the Court apprised of his current address, no

21   lesser sanction is feasible.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

U.S. District Court

E. D. California

1       Accordingly, the Court hereby orders that this action be dismissed without prejudice for

2  Petitioner's failure to prosecute.

**ORDER**

       Accordingly, IT IS HEREBY ORDERED that:

       1. The Petition for Writ of Habeas Corpus is DISMISSED without prejudice; and

       2. The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

Dated:    November 28, 2011      /s/ *Michael J. Seng*
                         UNITED STATES MAGISTRATE JUDGE